**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3575-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

AGUSTIN GARCIA,
a/k/a AUGUSTIN GARCIA,
and AUGUSTINE GARCIA,

     Defendant-Appellant.

_____

Submitted September 16, 2021 – Decided October 13, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 00-06-1368.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Twenty years ago, in 2001, a jury convicted defendant of murdering his former girlfriend on the day she was to marry another man. Defendant shot her at close range in her home just before the wedding ceremony. The shooting was witnessed by several guests and family members and recorded by a videographer who was filming the events of the day. Following the rejection of his arguments on direct appeal and the rejections of extensive arguments made in four petitions for post-conviction relief (PCR), defendant moved to compel production of the entire video of the wedding day and the portion of the video presented at his trial. He asserted that new technology might allow him to enhance the video and the video might support his contention that he acted in self-defense. The motion court denied that motion, reasoning that all arguments about the video and defendant's related self-defense claim had been addressed and resolved in his prior direct appeal and the orders and appeals concerning his PCR petitions. Defendant now appeals from a January 25, 2019 order denying his motion to compel. We affirm.

A jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A.

2C:39-4(a); third-degree possession of a handgun without the required permit, N.J.S.A. 2C:39-5(b); and four counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Following the merger of certain convictions, defendant was sentenced to life in prison with a mandatory thirty years of parole ineligibility.

In 2004, we affirmed defendant's convictions for murder and unlawful possession of a firearm but vacated his convictions for endangering the welfare of a child. State v. Garcia, No. A-3939-01 (App. Div. May 11, 2004). The Supreme Court denied certification. 181 N.J. 545 (2004).

Thereafter, defendant filed four petitions for PCR. All those petitions were denied, and we affirmed the denial of the first three PCR petitions. State v. Garcia, No. A-5437-06 (App. Div. Nov. 6, 2009); State v. Garcia, No. A-3198-09 (App. Div. Aug. 12, 2011); State v. Garcia, No. A-2764-10 (App. Div. May 16, 2013).

Separately, defendant filed requests under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and the common law seeking to compel the production of the video and other documents. The denial of the request under OPRA and the common law was upheld by the trial court, and we affirmed that

decision. <u>Garcia v. Bergen Cnty. Prosecutor's Off.</u>, Nos. A-3085-16, A-4501-16 (App. Div. May 17, 2019).

In his direct appeal, defendant made several arguments about the admissibility of the wedding video and the playing of portions of that video at his trial. In his four petitions for PCR, defendant repeatedly argued that his trial counsel had been ineffective in not challenging the admission of the wedding video based on tampering and in failing to retain an expert to examine and challenge the video.

On this appeal, defendant claims that he is entitled to discovery because an examination of the videotape might support his argument that he was attacked and acted in self-defense. His current counsel submitted a brief making one argument:

> The trial court erred in denying Mr. Garcia's motion to compel production of discovery.

Defendant submitted his own brief in which he argued:

> A.     [The] January 25, [2019] adverse order flagrantly violate[s] appellant['s] constitutional rights to due process of law, because it is capricious, unreasonable and unsupported by sufficient competent evidence in the record, warranting reversal and remand in best interest of justice.

> B.     [The] judge [] entered orders dated August 25, 2016, March 3, 2017, and March 28, 2017, without any

4

participation of already assigned counsel, subjecting appellant to fundamental [State v. Cerbo, 78 N.J. 595, 605, 607 (1979)] injustice, violating his right to counsel guaranteed by the Sixth and Fourteenth Amendments [to the] U.S. Constitution.

The records on the prior proceedings establish that defendant was provided with a copy of the video before his trial in 2001. His arguments that the video was tampered with or altered have been repeatedly rejected. Nevertheless, defendant contends without any support that technological enhancements may reveal something in the video that would support his self-defense argument. That contention is undercut by the evidence at trial, which included testimony from eyewitnesses who testified that there was no struggle and that defendant pulled out a gun and shot the victim multiple times at close range.

We agree with the motion judge that reproducing the video could not support any new argument that would not be procedurally barred and that any issue concerning the video could not constitute newly discovered evidence. The entire videotape was available to defendant and his counsel before trial and was also available during defendant's direct appeal and his first PCR petition.

Furthermore, as already pointed out, defendant's arguments about altering or tampering with the wedding video were raised and rejected in his prior direct

appeal and in his four prior PCR petitions. While New Jersey courts have the inherent power to order discovery when justice requires it, <u>See</u> <u>State v. Marshall</u>, 148 N.J. 89, 270 (1997), defendant's motion did not support an invocation of that extraordinary remedy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3575-18